Good afternoon, Your Honors. Please, the Court, I'm Jeffrey DeVore. I represent the petitioner in this matter, Maria Natalia Penalva Carey. At the outset, I'd just like to take a moment and thank the Court for the opportunity to argue this case before today. I've had the first time before the Fifth Circuit, and I recognize that we appreciate the opportunity for that. So I'm going to try. Your Honor, Your Honors, there are three issues in this case that we'd like to look at and we argue that you should look at. Number one, whether the petitioner's motion to reopen should be considered timely. In that case, looking at this, is that it's a regulatory motion to reopen. The Respondent was ordered removed and was physically deported back to Approximately five years later is when the motion to reopen was filed with the Immigration Court in Oakdale, Louisiana. And as part of that motion, the petitioner claimed that she had received ineffective assistance of counsel in that regard, based upon the fact that her attorney had not contested at all that one of her criminal convictions was for that of an aggravated felony. One of the things of interest in this case to be noted is that prior to 2012, September of 2012, when this Court decided Garcia-Corayes, she was barred by the departure bar. So really, when you look at this, it's not really a five-year term from when she was ordered removed. You have to look at this really sort of from September of 2012. So it's more in the three-year range as a practical matter. Can you help us with our jurisdiction? Sure. From our position, the Court does have jurisdiction. I know the government brought that up in its brief. The reason that the Court has jurisdiction is because this is, as I said, a statutory motion to reopen. It was based on fact, isn't it? I'm sorry, Your Honor? Isn't it based in fact, the statutory motion? Well, I think it's a question really of law as a practical matter. You have to apply the facts to the law to determine whether or not the Board properly applied the law. Our position is that the Board has not properly applied the law in this case. When the case got to equitable tolling as a practical matter, they were going to sidestep the issue because this Court had not issued a precedent decision at that point in time recognizing equitable tolling. There had been an unpublished decision which we cited to the Board. They did not refer to that within their decision. But they decided, number one, that they were going to not address that issue and say they found that the citations that we had to the precedent decisions from the other circuits to be, in the Board's words, I believe, unavailing at that point. So the question before the Court is, I think number one is, did the Board properly apply equitable tolling in this particular case? Our position is that it did not. And after this case was the petition for review was filed, this Court came out with, I always reverse the name, Lugo-Rosendez, which basically recognized equitable tolling at this point. And the facts of this case are very similar in terms of matching up with Lugo-Rosendez. You have a situation where the alien had already been removed from the United States, was interested in coming back. My client did state in her, and this is one of the other issues that comes up when we're talking about the ineffective assistance of counsel, whether or not the ‑‑ she complied with the requirements from that of Lozada. We believe that she did. There is not an actual affidavit. The document is styled as an affidavit, but there is no jurat, per se, for the affidavit. Instead, the signature is done as a declaration, as a practical matter, under 28 U.S.C. 1476. And the Board has recognized in the case matter of Chikis that that is the equivalent of an affidavit. So when the immigration judge denied the original motion to reopen, one of the reasons she denied it was she cited the fact that the failure to comply with the Lozada requirements. But in fact, those requirements had been complied with, right? So when you come back to this, the first issue is whether or not, as I said, equitable tolling should properly be applied, right? The second issue that ‑‑ Kennedy. Well, counsel, it seems to me it's not just a matter of that. Look at what the BIA itself said. As a rule, an equitable tolling claim requires proof that the moving circumstances stood in the way. The Respondent's motion is not supported by any evidence of the Respondent's alleged emphasis, evidence of the Respondent's alleged efforts to seek the reopening. And then the next paragraph, assuming, arguing, no, that's not right. Well, just looking at the part, not getting beyond that, it's a fact finding by the district judge looking at what was happened. You said five years, three years, two years, whatever. They looked at those facts and said that there was not a diligent pursuit. It seems to me that's a fact finding that we are potentially barred from reviewing, regardless of what other bases would support ‑‑ that the BIA used to support its ruling. So get me beyond that barrier. I think the board says, okay, not supported by any evidence, okay? That is not true, because there was a declaration from my clients, right? There was a legal error when they said there was no ‑‑ Correct. Correct. If you look at the record and you go through the certified administrative record, there is documentation in there. There is a declaration from her within that where she sets forth that since she had been deported, she had contacted in her family numerous attorneys seeking to try to find a way to get back to the United States and pursuing her rights. It was not until approximately 2015 when she learned that there was a possible way for her to return, in which case she began at that point, within 90 days of when she knew of that possibility, she filed her motion to reopen. Okay? That's one of the cases which I believe it was the Ma case where this Court found that, look, there wasn't any due diligence at that point because more than 90 days had gone by since the alien in that particular case learned of the right to file a motion to reopen. Okay? That declaration, she set forth that she had been continuing to try to find a way to reopen her case and get back to the United States. Once she found what appeared to be a viable way to do this, she immediately took action and filed her motion within 90 days. So that, to me, is a question of law, Your Honor. It's not a question of fact. If the Board ignored that decision, then in that statement, then they're not relying upon any of the — they're acting in a, I should say, an arbitrary and capricious manner, because they're disregarding evidence that's in the record that they failed to consider. This is factually incorrect. The statement actually has no evidence of a diligent pursuit. So it could well be they saw that and did not think that supported that there was diligence. But we've heard your argument. You can keep moving on. Thank you, Your Honor. The next issue that we need to — that I'd like to address is whether or not the respondent has been convicted of an aggravated felony. And as a practical matter, this goes along with the fact of what the — her prior counsel, actions that he failed to take during the removal proceeding, as well as the fact of the — what the Department of Homeland Security presented to establish removability. Okay? In this particular case, the Department presented basically a record of conviction, which was the indictment and the judgment of conviction. There were multiple counts. Ms. Penalva pled to count one, in which she basically admitted that she had — the loss to the victim was a little bit over $4,000. Okay? The total of the counts were approximately — I think approximately maybe about 30,000, but she was only convicted of one count. But there was a restitution order of approximately $225,000. Okay? The immigration court relied upon the fact that the restitution amount was $225,000. All right? However, the court cannot rely solely upon the restitution amount. There has to be some sort of other evidence presented by the department in order to establish that the amount of loss to the victim was over $10,000, thereby making her an aggravated felon. All right? There was no other evidence in this case. If you go and you look at other cases decided by this court, there's always some other type of evidence. If you look at Najuan from the Supreme Court, right, there's a PSR, okay, there's a plea agreement, there's something to tie the amount of restitution to the loss to the victim. Okay? What difference does it make whether she's an aggravated felon if she's removable because of her two other convictions involving moral turpitude and her controlled substance and discretionary relief is not a liberty interest? So what difference does it make? Well, number one, excuse me, number one, okay, with the other grounds of removability, taking the aggravated felony out of the equation, then she would have been eligible to apply for cancellation of removal for relief from deportation. Right, but that's a discretionary relief and that's not an interest. That's not a, that's no, that's no liberty interest. Well, it's discretionary relief, but I don't think she has to show that she would be guaranteed that she would be granted that relief, okay, in order to reopen. She has to make a prima facie case establishing that. Okay? And she did do that as part of the motion to reopen. She complied with the regulations and the board case law, attaching a copy of her application to the motion, also provided evidence establishing hardship to her, her family, outstanding equities. Okay? The case law, you know, says basically that you don't have to show that you would be guaranteed relief, but you have to make a prima facie showing that it would appear that there would be, that it would be viable, right? Maybe there needs to be a hearing to determine that, and ultimately that's what happens, right? But just because of that, that's not, that's not what happens. Now, if she's an aggravated felon, the reason this is important is because she's So in this, in this particular situation, right, the government didn't provide sufficient evidence, but, right, her counsel at that point didn't object to that. He just basically stood mute, didn't say anything when the government handed over the records. So as a result of that, she, she had substantial prejudice, right? So that, that's the second issue that we want, that we need to look at, right? The third issue being, okay, whether or not, okay, she actually established, okay, as Judge Southwick, that you brought up, right, was there substantial prejudice, okay? At this point, once that she had, that, that there was a determination that she was an aggravated felon, she was done, okay? As a practical matter, there's no other relief available to her, right? The immigration court had no alternative as a practical matter at that point, but to order her removed, right? Which is what happened, right? Thereafter, after discussion with counsel, she was told, hey, there's nothing else that you can do, right? And ultimately, she was removed from the United States, okay? Now, there was an argument to be made at that point, right? It wasn't a tactical decision, right? It wasn't as though the attorney said, look, I'm going to concede and admit that you're convicted of an aggravated felony. He didn't do that. But yet, when the, when the government presented evidence, which, okay, looking at the certified record, was not clear and unequivocal evidence, he didn't take any actions in order to address that. He just let it be, right? The judge, therefore, said, this is the evidence before me. I'm going to find that she's an aggravated felon, order her removed. And that's distinct and different from a tactical decision, because there's nothing to be gained by doing that, okay? You know, he could have made the argument and it would be a different story if the judge overruled him at that point, but that's not what happened in this particular case, right? So that's basically the situation here within a nutshell. But at best, okay, this is, you know, this is a legal question. It's, you have to look at the facts in order to make that determination. But it's not a purely factual situation, as the government is arguing. So I see with that, I'm basically approximately out of time at this point. Unless the Court has any other questions, I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Your Honors. Good afternoon. This is Dana Camilleri for the Attorney General. Are both advocates of the last two cases from the same division of the Justice Department? No. I'm from Maine Justice in D.C. I believe that he was from the U.S. Attorney's Office. Not entirely sure. The foremost issue in this case is jurisdiction. Penalva is a criminal alien and the criminal alien bar applies. There are two independent bases for dismissing for lack of jurisdiction. One is due diligence, and the language in Lugo-Resendez is particularly important here, because the Court said that there were no right-line rules. Quote, the Court must consider the individual facts and determining whether equitable tolling is appropriate. The Court then went on to talk about the ordinary remand rule has even more force here, because it is a, quote, fact-intensive determination of whether equitable tolling is appropriate. The Court also, in that case, stated that it was adopting its habeas law with regards to equitable tolling, and there's also Holland v. Florida, which is a Supreme Court habeas case where the Supreme Court has no authority stating otherwise. And as it is a factual determination, the criminal alien bar deprives the court of jurisdiction for the due diligence. Can a legal error be made in a factual determination? Bring along the wrong legal standard to the factual determination, for example? I'm not sure. I know that that's not the case here, because the Board expressly stated what standard it was imposing and that happened to be the standard that was adopted by this Court in Lugo-Resendez. Okay. Give me the answer you think is appropriate. Go ahead. I would need a hypothetical, I feel, where that would happen, where the Board just applied the wrong standard and the Court would say this is a legal error. Well, there are a lot of factually intensive issues that are wrongly decided because you put the burden on the wrong side, you use the wrong standard, I need clear and convincing evidence, I need preponderance, I need something else. So it doesn't seem to me that saying it's fact-intensive is necessarily the answer, but I don't see, I guess in a way I'm asking if there's anything else here potentially. What your opponent said is that the BIA made the legal error of saying there was no evidence when in fact there was an affidavit, a declaration that was not in the form of an affidavit, perhaps. Any reaction to that? I think that actually that argument underlines the fact that this is a factual dispute. As far as the affidavit is concerned, the Board also noted that it didn't include specificity in terms of her diligence. I know he's now raised departure bar, but that was not brief before this court. So that's an unexhausted argument. In terms of his other arguments, I mean basically both sides disagree about her level of diligence and whether she provided any information or the specific information necessary to show that she diligently pursued her claim during those five years. I believe she retained opposing counsel in January of 2015. She did not file her motion until October of that year. So there's even some space of time there, not quite the 90 days that he's discussing. Wasn't the petitioner seeking DOJ Justice Department agreement, wasn't there a back and forth to try to get a joint motion? That's not in this case? No. I'm not aware of that in this case. And she was removed in 2010. I'm not aware of any contact between her and the Department. And as to the second independent jurisdictional basis, whether she complied with Lazada, the Board found that because she did not provide proof that she had notified her prior counsel with her motion reopened, she did not comply at the time she filed her motion reopened. Compliance with Lazada is also factual determination. Did she provide it or not? And we would argue that there's no jurisdiction there. If the Court did find jurisdiction, there are three other dispositive bases for denying the petition for review. Judge Elrod touched on one of them. There is no prejudice here. Assad basically squarely on this issue that if it's a discretionary form of relief, there's no liberty interest. That's what we have here. She's removable no matter what. The aggravated felony discussion is almost a distraction because this is for relief and it's for discretionary relief and there's no prejudice. In terms of her Lazada compliance, she, and I don't even think this is disputed, she did not provide proof of the compliance with the motion to reopen apart from her counsel's statements that they had notified prior counsel and that's insufficient. Statements in the motion to reopen are not evidence. And I think we've touched on the due diligence, but there's really simply not enough in her affidavit to show that she diligently pursued her claim during the intervening five and a half years after she was removed. But primarily for us, we believe that the Court lacks jurisdiction because of the criminal alien bar. Because? Because due diligence and matter of Lazada are factual determinations and there's no constitutional legal claim here. I think we have your argument, counsel. Thank you very much. Your Honor, if I could just address the Lazada argument the counsel made. The record will indicate that my client did, as part of the motion, provide a copy of the complaint that was filed with the Florida Bar as part of that which both the Board and the judge said were not attached. It was part of her case that was submitted. And one of the things that's interesting about this is that right now the case law doesn't specifically state the amount of time or anything that should transpire between all of this. Generally speaking, of course, if we're looking at the 90 days, we have a rather compact amount of time in which to file the motion. One of the things that the Department of Justice has done, the Executive Office of Immigration Review, which the Board falls under in the immigration courts, is they have proposed new regulations to deal with ineffective assistance of counsel claims, in essence, to in a way, regulatoryize, I guess if that's a word, a matter of Lazada. And as part of these regulations, they've indicated that, look, you should submit it, okay, and give the attorney time to respond. But if you don't, okay, you can explain why. So they recognize that there are issues in there in terms of whether or not there should be a response waited for, but you have to deal with the 90 days. Now, those are just proposed regulations, right? They were put out for notice and comment. They're not finalized. They're not applicable to this case. But it does show that it's not clear as to the specific timing that the elements of Lazada have to follow, right? So, you know, the other thing within Lazada is that you have to show, right, that not only did you file with the Board, right, and that you gave the opportunity for the attorney to respond, right, but what was supposed to happen, right, okay, is part of that relationship, right? Which, once again, within her declaration, my client stated what that was and also was part of the complaint that was there. So she clearly complied with the Lazada requirements, right? If the Board is now takes the position that she didn't, the Board takes the position that she didn't, but when you go back and you look at the record, right, they're clearly ignoring what's in the record, right? So our position would be, okay, that she did actually comply with the Lazada requirements, right, with everything. And if the Court has no other questions, then I would thank the Court for its time. Thank you very much. We have your argument. Thank you. The case is submitted.